[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #162
 FACTS
Plaintiff individuals filed a six-count revised complaint against the defendants, a law firm and a lawyer once part of said firm, alleging that they are liable for breach of fiduciary duty and breach of contract in connection with a real estate transaction.
The law firm, as a third party plaintiff, filed a two-count third-party complaint against an accounting firm alleging that they failed to comply with their professional responsibilities by disclosing the plaintiffs' financial information to a certain bank without the plaintiffs' consent. The law firm alleges that if the accounting firm had disclosed to the plaintiffs that it had relayed financial information to the bank the plaintiffs would not have completed the real estate transaction, for such disclosure would have brought the plaintiffs to a fuller understanding of the proposition and ultimate transaction which they would have rejected. The law firm claims it is "entitled to contribution/apportionment if a judgment is rendered in favor of the main Plaintiffs in this action."
On April 29, 1998, the accounting firm filed a motion to strike the law firm's third party complaint on the ground that it alleges a purely commercial loss, which they assert is not recoverable in a third party action for contribution. The law firm filed an objection to the motion to strike, arguing that apportionment among joint tortfeasors should be allowed as a matter of common law in negligence actions involving commercial losses. The matter was heard by the court on June 22, 1998.
 DISCUSSION
CT Page 9494
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71 (1998).
In examining the historical meaning of the phrase "damage to property," the Supreme Court has held that "the reference in § 52-572h(b) to `damage to property' does not include purely commercial losses, unaccompanied by damages to or loss of the use of some tangible property." Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 581, 657 A.2d 212 (1995).[1] This did not conclude the court's inquiry, however. In its summation, the court held: "Where possible, courts should, as a matter of common law adjudication, assure that the body of the law — both common and statutory — remains coherent and consistent. . . . We conclude, therefore, as a matter of common law, that the policy of the comparative negligence statute, § 52-572h, applies to negligence actions where only commercial losses are sustained." (Citation omitted; internal quotation marks omitted.) WilliamsFord, Inc. v. Hartford Courant Co., supra, 232 Conn. 586.[2]
The law firm alleges that the accountant was negligent in breaching his professional responsibilities as a certified public accountant, and that this breach caused the plaintiffs' loss. This court declines to accept the contention that the phrase "damage to property" does not encompass a purely commercial loss in the context of the apportionment portion of the statute, in light of the Supreme Court's holding that as a matter of common law purely commercial losses are recoverable under thecomparative negligence portion of the statute, which utilizes the same phrase.[3] Accordingly, the accounting firm's motion to strike the law firm's third party apportionment complaint is denied.
NADEAU, JUDGE